UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(NEWARK VICINAGE)

Yvette Riley
44 South Munn Avenue
East Orange, NJ 07018

       Plaintiff,

v.

CURA, Inc.
35 Lincoln Park
Newark, NJ 07102

       Defendant

JURY DEMANDED

No.

## CIVIL ACTION COMPLAINT

**I. Parties and Reasons for Jurisdiction.**

1. Plaintiff, Yvette Riley (hereinafter "Ms. Riley") is an adult individual residing at the above address.

2. Defendant, CURA, Inc. (hereinafter "CURA") is a corporation organized by and operating under the laws of the State of New Jersey and having a principal place of business at the above captioned address. Defendant CURA has availed itself of the laws of the State of New Jersey.

3. At all times material hereto, Defendant, CURA is owner, operator, proprietor and manager of a drug and alcohol addiction recovery center with administrative offices located at 35 Lincoln Park in Newark, New Jersey.

4. Defendant qualifies as Plaintiff's employer pursuant to the United States Fair Labor Standards Act, Title VII of the Civil Rights Act and as defined under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq.

5. This action is instituted pursuant to the New Jersey Law Against Discrimination and Title VII of the Civil Rights Act.

6. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

7. Supplemental jurisdiction over the Plaintiff's state law claim is conferred pursuant to 28 U.S.C. § 1367.

8. Ms. Riley has satisfied the administrative prerequisites and exhausted her administrative remedies prior to bringing the instant matter civil rights claim. [Exh. A; Dismissal and Notice of Rights.]

9. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was working in the District of New Jersey, Newark Vicinage at the time of the illegal actions by Defendant as set forth herein.

**II. Operative Facts.**

10. On or about July 1, 2015, Plaintiff Riley, an African American woman was hired by Defendant, CURA to work for Defendant as a drug court counselor.

11. At all times, Plaintiff performed at a level to meet her employer's legitimate expectations.

12. Ms. Riley engaged in protected activity under Title VII of the Civil Rights Act and the New Jersey Law Against Discrmination.

13. Specifically, on or about September 28, 2015, Ms. Riley complained to Defendant's human resources director, Elva Torres and her clinical director, Juan Davila that she had been subjected to racial discrimination while in Defendant's employment.

14. Ms. Riley complained that she had been called a "nigger" on one occasion by Ms. Cielo Alvarez.

15. In or around August, 2015, Ms. Alvarez was speaking with Mr. Jesus Duran and she told him, "you know how these black people are, once one gets in, then they bring others in and we lose our jobs."

16. Mr. Duran reported this comment during a staff meeting and advised the staff present that the comment was discriminatory and unacceptable.

17. Mr. Duran was reporting this comment during the meeting to Building Director, Michael Dunleavy so that the director could take action or otherwise respond to the report.

18. In August, Ms. Alvarez confronted Ms. Riley on the stairs in building 75 where Ms. Riley kept an office and called Ms. Alvarez a "fucking nigger" in Spanish to a client of CURA.

19. Based on the reaction of the client, Ms. Riley asked the client what Alvarez said to her and the client translated for Ms. Riley.

20. Ms. Riley then made a complaint about this incident to the human resources employee, Ms. Torres.

21. Ms. Torres called both Ms. Alvarez and Ms. Riley to a meeting in late September, 2015, wherein she explained to Ms. Torres that the subject matter conduct was unacceptable and Ms. Torres confirmed Ms. Alvarez's negative attitudes towards black people during that meeting.

22. Both Ms. Riley and Ms. Alvares were issued written disciplinary actions, Ms. Riley was disciplined for asking the client to translate Ms. Alvarez's comments and Ms. Alvarez was issued a written discipline for the comment itself.

23. No other employment action was taken against Alvarez.

24. Ms. Alvarez continued to harass Ms. Riley yet nothing was done to curtail or stop Ms. Alvarez's conduct.

25. In or around October, 2015, Ms. Riley made a new complaint to Ms. Torres.

26. She complained that, after a staff meeting, her clinical director, Ms. Patricia Blanco told Ms. Riley that she, "wanted to know how black girls live, what they eat, what they drink and how they pick their clothes."

27. Ms. Riley was also subjected to staff meetings where Spanish was predominantly spoken during the meeting so that Ms. Riley was unable to participate.

28. Upon information and belief, no investigation was ever performed with respect to the Plaintiff's Title VII complaint.

29. Ms. Riley also made a complaint of race discrimination to the EEOC on or about October 8, 2015 detailing the above referenced complaints.

30. Subsequent to the filing of her EEOC charge, Ms. Riley was terminated by Defendant on or about May 20, 2016.

31. Defendant informed Plaintiff that she was terminated arising out of an argument she had with a co-worker, Carmen Rodriguez.

32. The argument with Carmen Rodriguez was witnessed by several co-workers and Ms. Rodriguez was never terminated, nor any disciplinary action taken.

33. Defendant's employees are predominantly Hispanic.

34. Plaintiff is an African-American employee.

35. Upon information and belief, non-African American employees were not subject to termination arising arguments with co-workers.

36. It is believed and therefore averred that Defendant's purported reasons for terminating Ms. Riley's employment was pretextual.

37. CURA's disciplinary policy was unevenly applied to African American employees versus Hispanic employees.

38. Defendant's termination of Ms. Riley's employment was the result of disparate discriminatory treatment of Plaintiff by Defendant.

39. Defendants fired Ms. Riley in retaliation for filing an EEOC charge alleging race discrimination and a hostile work environment.

40. As a direct and proximate result of Defendant's conduct in terminating Plaintiff, she sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of back pay, front pay, as well emotional distress, humiliation, pain and suffering and other damages as set forth below.

**III. Causes of Action.**

### COUNT I – EMPLOYMENT DISCRIMINATION
### (42 U.S.C.A. § 2000e-2(a))
### (Plaintiff v. Defendant)

41. Plaintiff incorporates paragraphs 1-40 as if fully set forth at length herein.

42. Defendants took adverse action against Plaintiff by terminating her employment.

43. Plaintiff's status as an African-American woman places her in a protected class.

44. Plaintiff's membership in a protected class was a motivating factor in Defendant's decision to terminate her employment.

45. Plaintiff suffered disparate treatment, as set forth above.

46. Defendant retaliated against Ms. Riley for filing an EEOC charge and/or making complaints of race discrimination to human resources.

47. As such, Defendants' decision to terminate Plaintiff's employment is an unlawful employment practice, under 42. U.S.C. § 2000e-2(a).

48. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

49. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

50. Pursuant to the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), et seq Plaintiff demands attorneys fees and court costs.

## COUNT II—NEW JERSEY LAW AGAINST DISCRIMINATION
### N.J.S.A. 10:5-1, et seq.
### (Plaintiff v. Defendant)

51. Plaintiff incorporates paragraphs 1-50 as if fully set forth at length herein.

52. As set forth above, Plaintiff is a member of a protected class.

53. Defendants terminated Plaintiff's employment.

54. A motivating factor in the decision to terminate Plaintiff's employment is Plaintiff's race.

55. Plaintiff suffered disparate treatment in the manner in which she was terminated as compared to similarly situated non-African American employees.

56. Defendant retaliated against Plaintiff, as set forth above.

57. As such, Defendant violated the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq.

58. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

59. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

60. Plaintiff demands attorneys fees and court costs.

**IV. Relief Requested.**

**WHEREFORE,** Plaintiff, Yvette Riley demands judgment in her favor and against Defendant, CURA, Inc., in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering

B. Punitive damages;

C. Attorneys fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable..

**LAW OFFICES OF ERIC A. SHORE, P.C.**

                BY: /s/Graham F. Baird  
                **GRAHAM F. BAIRD, ESQUIRE**  
                Two Penn Center  
                1500 JFK Boulevard, Suite 1240  
                Philadelphia, PA 19110  

                Attorney for Plaintiff, Yvette Riley  

Date: April 17, 2017

# EXH. A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Newark Area Office

Two Gateway Center, Suite 1703
283-299 Market Street
Newark, NJ 07102
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Newark Status Line: (866) 408-8075
Newark Direct Dial: (973) 645-4684
TTY (973) 645-3004
FAX (973) 645-4524
Website: www.eeoc.gov

Yvette C. Riley
44 South Munn Avenue, Apt 7-F
East Orange, NJ 07018

Re: EEOC Charge Number: 524-2016-01225
Riley v. CURA, INC.

Dear Riley,

The Equal Employment Opportunity Commission (hereinafter referred to as the "Commission"), has reviewed the above-referenced charge according to our charge prioritization procedures. These procedures, which are based on a reallocation of the Commission's staff resources, apply to all open charges in our inventory and call for us to focus our limited resources on those cases that are most likely to result in findings of violations of the laws we enforce.

In accordance with these procedures, we have examined your charge based upon the information and evidence you submitted. You allege you were discriminated against because of Retaliation, Race-Black/African American

Respondent's position statement has been previously shared with you. You were provided with an opportunity to submit a rebuttal to this position statement but none was received

Based upon this analysis the Commission is unable to conclude that the information establishes a violation of federal law on the part of Respondent. This does not certify that Respondent is in compliance with the statutes. No finding is made as to any other issue that might be construed as having been raised by this charge.

The Commission's processing of this charge has been concluded. Included with this letter is your Notice of Dismissal and Right to Sue. Following this dismissal, you may only pursue this matter by filing suit against the Respondent named in the charge with 90 days of receipt of said notice. Otherwise, your right to sue will be lost. Please contact Investigator Jeanette P. Wooten at (973) 645-2302 if you have any questions.

Sincerely,

JAN 2 0 2017
Date

John Waldinger
Area Office Director

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Yvette C. Riley
44 South Munn Avenue, Apt 7-F
East Orange, NJ 07018

From: Newark Area Office
283-299 Market Street
Two Gateway Center, Suite 1703
Newark, NJ 07102

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 524-2016-01225 | Rayba Watson, Enforcement Supervisor | (973) 645-6021 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

John Waldinger,
Area Office Director

JAN 20 2017
(Date Mailed)

Enclosures(s)

cc: Elva Torres
Human Resources
CURA, Inc.
35 Lincoln Park
Newark, NJ 07102